# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br><br>**STEVEN A. STEPHENS,**<br><br>Debtor. | **Bankruptcy Case<br>No. 10-41450-JDP** |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    Murray J. Sorensen, BLASER, SORENSEN, & OLESON, Blackfoot, Idaho, Attorney for Debtor Steven A. Stephens.

    Daniel C. Green, RACINE, OLSON, NYE, BUDGE & BAILEY, CHTD, Pocatello, Idaho, Attorney for Chapter 7 Trustee R. Sam Hopkins.

### *Introduction*

    The parties to this contest ask the Court to, once again, consider the exterritorial application of Idaho's homestead exemption statute.

MEMORANDUM OF DECISION – 1

Chapter 7[1] debtor Steven A. Stephens claimed a house and real property located in Kenai Peninsula Borough, Sterling, Alaska, exempt as an Idaho homestead in the statutory maximum amount of $100,000. Docket No. 1. Predictably, trustee R. Sam Hopkins ("Trustee") objected to the exemption claim. Docket No. 22. Debtor responded, the parties stipulated to facts, and the matter was briefed and submitted without argument. Docket Nos. 30, 45-49; 51. After review of the submissions of the parties, as well as the applicable law, this Memorandum disposes of the motion. Fed. R. Bankr. P. 7052; 9014.

*Facts*[2]

Until December 29, 2010, Debtor lived in southeast Idaho, most recently in a house in Idaho Falls. On August 30, 2006, Debtor purchased

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

[2] The facts are derived from a Stipulation of Facts, Docket No. 46, and Additional Stipulated Facts, Docket No. 45, filed in the case. Docket No. 46 also contains Exhibits A-F, and G1-G6.

MEMORANDUM OF DECISION – 2

a bare lot near Sterling, Alaska, for $14,000 ("Alaska Property").[3] Docket No. 46, Exs. C, D and E. In the years following the purchase, Debtor spent several weeks each year improving the Alaska Property. By 2010, he had constructed a small home on the Alaska Property which had electricity, but lacked both running water and plumbing. To complete the house, work was also necessary to finish the outside walls, the inside sheet rock and insulation, as well as carpeting, cabinetry and other inside finish work.

Although the Alaska home was not yet finished, Debtor began preparations to relocate to Alaska permanently. In February or March 2010, he initiated the licensure process so that his professional credentials could be utilized in Alaska; a license was granted on June 30, 2010. In addition, in February, 2010, Debtor applied for employment with the Peninsula Community Health Services in Soldotna, Alaska, and he was ultimately hired. Docket No. 46, Ex. A.

---

[3] The parties stipulated that Debtor purchased the Alaska Property in September, 2006, but the purchase documents indicate the purchase was made in August, 2006. The discrepancy is immaterial to the issues presented here.

MEMORANDUM OF DECISION – 3

On July 1, 2010, Debtor executed a Declaration of Homestead concerning the Alaska Property. Docket No. 46, Ex. F. The Declaration was recorded in the Kenai recording district on July 26, 2010. *Id*. On August 4, 2010, Debtor recorded an Affidavit of Abandonment in Bonneville County, Idaho, on the homestead he owned in Idaho Falls. Docket No. 46, Ex. B.

On August 12, 2010, Debtor filed a chapter 7 petition in Idaho. In his schedules, Debtor disclosed his interest in both his home in Idaho Falls and the Alaska Property. Docket No. 1. He claimed a homestead exemption on Schedule C in the Alaska Property only, in the amount of $100,000. The value of the Alaska Property is listed as $54,000. In his Statement of Intention, Debtor indicates his intention to surrender the Idaho Falls property. *Id*.

On October 7, 2010, Trustee objected to Debtor's claim of a homestead exemption in the Alaska Property. Docket No. 22. Trustee argued that Idaho law does not permit Debtor to claim a homestead exemption on real property located outside of the State of Idaho.

MEMORANDUM OF DECISION – 4

*Analysis and Disposition*

When a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate and available for distribution to creditors.  11 U.S.C. § 541(a)(1). However, § 522(b)(1) allows individual debtors to exempt property from the bankruptcy estate, and to thereby shield it from administration by a chapter 7 trustee.  Because Idaho has "opted out" of the Code's exemption scheme, debtors in this state may claim only those exemptions allowable under Idaho law, as well as those listed in § 522(b)(3).  Idaho Code § 11-609; 11 U.S.C. § 522(b)(3).[4]

Under Idaho law, debtors are permitted to claim an exemption in a qualifying homestead.  Idaho Code § 55-1001; *In re Cerchione,* 398 B.R. 699,

---

[4] Debtor seems to acknowledge, and correctly so, that because he had resided in Idaho continuously for years up to the time he filed his bankruptcy petition, the Bankruptcy Code dictates that he may claim exemptions solely under Idaho, not Alaska, law.  *See* 11 U.S.C. § 522(b)(3)(A) (providing that debtor may claim exemptions only under law of State in which debtor was domiciled during the 730 days immediately preceding the date of filing the bankruptcy petition); *In re Urban*, 375 B.R. 882, 888-89 (9th Cir. BAP 2007); *In re Katseanes*, 07.4 IBCR 79, 79-80 (Bankr. D. Idaho 2007); *In re Almgren*, 384 B.R. 12, 15 (Bankr. D. Idaho 2007).

MEMORANDUM OF DECISION – 5

703 (Bankr. D. Idaho 2009), *aff'd* 414 B.R. 540 (9th Cir. BAP 2009).  If properly established and claimed, the debtor may exempt up to $100,000 of equity in a homestead.  Idaho Code § 55-1003.

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper.  Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999); *In re Cerchione,* 398 B.R. at 703.  The validity of the claimed exemption is determined as of the date of filing of the bankruptcy petition.  11 U.S.C. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu),* 266 B.R. 743, 751 (9th Cir. BAP 2001); *Thorp v. Gugino (In re Thorp)*, 09.3 IBCR 90, 91 (D. Idaho 2009).  The homestead exemption statutes are to be liberally construed in favor of the debtor.  *In re Cerchione,* 398 B.R. at 703; *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001)).

Because Debtor was not residing at the property he claimed exempt at the time he filed his bankruptcy petition, he had to take several steps under Idaho law in order to establish a homestead exemption.  First, pursuant to Idaho Code § 55-1004(2), Debtor had to execute and properly

MEMORANDUM OF DECISION – 6

record a Declaration of Homestead on the Alaska Property, which he endeavored to do on July 26, 2010. Debtor was also required to record an instrument declaring his intention to abandon the homestead exemption, granted under the statutes automatically, as to the home in which he was currently living. Idaho Code §§ 55-1004(1) (providing an automatic homestead exemption in house in which debtor is residing); and § 55-1006 (providing for declaration of abandonment of homestead). Debtor did so on August 4, 2010. Both of those declarations were recorded prepetition, and Trustee has asserted no flaws with the form or substance of either one. Finally, Debtor had to claim the Alaska Property as an exempt asset in his bankruptcy schedules, which he did. Thus, Debtor argues that he completed all steps required of him in order to establish and claim an Idaho homestead exemption on his soon-to-be home in Alaska.

Standing in the way of Debtor's successful claim of an exemption, however, is a line of decisional law from this Court which holds that Idaho's statutes may not be used to establish a homestead exemption on real property located outside of the State. *See In re Capps*, 10.4 IBCR 99

MEMORANDUM OF DECISION – 7

(Bankr. D. Idaho 2010); *In re Harris*, 2010 WL 2595294 (Bankr. D. Idaho 2010); *In re Halpin*, 94 IBCR 197 (Bankr. D. Idaho 1994); *but see In re Kline*, 05.3 IBCR 65, 67 n.9 (Bankr. D. Idaho 2005) (stating that debtors "*did* have a second available homestead and corresponding exemption in their mobile home [located in Utah] under either Idaho or Utah law") (emphasis in original)). While those decisions acknowledge that Idaho's homestead exemption statute is silent on its face concerning whether it may be applied "extraterritorially," the cases cite three factors weighing against such an application. First, there is a lack of decisional support for applying the Idaho statute extraterritorially. Second, restricting application to Idaho real property gives deference to the public policy discouraging "exemption shopping." And, finally, the decisions seek to promote the public policy of protecting creditors' expectations. *In re Capps*, 10.4 IBCR at 100 (citing *In re Halpin*, 94 IBCR at 198).[5]

---

[5] The Court is cognizant of decisions from other districts construing otherwise silent homestead laws to have extraterritorial reach. *See e.g., Arrol v. Broach (In re Arrol)*, 170 F.3d 934, 936–37 (9th Cir. 1999) (interpreting California law); *Drenttel v. Jensen-Carter (In re Drenttel)*, 403 F.3d 611, 614–15 (8th Cir. 2005)
(continued...)

MEMORANDUM OF DECISION – 8

Here, while Debtor attempted to take all necessary steps to establish a homestead in the Alaska Property, he offers no new, persuasive reasons to apply Idaho law to real estate located elsewhere. While denying Debtor's homestead exemption may seem harsh, especially given that Debtor now actually resides in his home on the Alaska Property, Debtor offers the Court no basis to reconsider its many prior rulings and modify its reading of Idaho law.[6]

Accordingly, Trustee's objection to Debtor's claim of a homestead exemption in the Alaska Property will be sustained. A separate order will be entered.

---

[5](...continued) (interpreting Minnesota law); *In re Stratton*, 269 B.R. 716, 718–19 (Bankr. D. Or. 2001). At bottom, though, whether an exemption statute protects real estate located in a different state is a function of the intent of the local legislature. This Court has decided, and again declines to find, that the Idaho legislature intended to shield an Idaho debtor's interest in an Alaska home from the reach of his creditors

[6] While the Idaho legislature has on multiple occasions amended or clarified Idaho's exemption laws in obvious response to the decisions of this Court, it is noteworthy here that the Legislature has not acted to expressly grant extraterritorial effect to the Idaho homestead statute during the 15 years since this Court first pronounced the reach of that statute to be, unequivocally, local.

MEMORANDUM OF DECISION – 9

Dated: May 10, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 10